

ENTERED
12/02/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

IN RE:  Benjamin Armstrong   §   BANKRUPTCY NO.  09-38992
                             §

## ORDER:  POSSIBLE FUTURE DISMISSAL OF CASE

1. 11 U.S.C. §521(a) requires Debtors to file certain information.  Fed. R. Bankr. P. 1007(c) requires Debtors to file the list of creditors with the petition and requires Debtors to file the balance of the documents required by §521(a)(1) within 15 days after the petition date, unless extended for good cause shown.

2. The Clerk has determined that the Debtor(s) has failed to file the following documents:

- Form 6, Schedule A (Real Property)
- Form 6, Schedule B (Personal Property)
- Form 6, Schedule C (Property Claimed as Exempt)
- Form 6, Schedule D (Creditors Holding Secured Claims)
- Form 6, Schedule E (Creditors Holding Unsecured Priority Claims)
- Form 6, Schedule F (Creditors Holding Unsecured Nonpriority Claims)
- Form 6, Schedule G (Executory Contracts and Unexpired Leases)
- Form 6, Schedule H (Codebtors)
- Form 6, Schedule I (Current Income of Individual Debtors)
- Form 6, Schedule J (Current Expenditures of Individual Debtors)
- Form 7, Statement of Financial Affairs
- Form 22A, B or C, as applicable to the chapter (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income)
- Copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor(s) from any employer of the debtor(s).

3. The Court orders that the foregoing documents must be filed timely.

4. 11 U.S.C. §521(i) requires the "automatic dismissal" of voluntary bankruptcy cases filed by individuals who are in chapter 7 or chapter 13 bankruptcy cases who do not file all of the information required by §521(a)(1).  Additionally, if the Debtor(s) does not comply with this order, the case will be dismissed without further notice.

**5.     A party must either satisfy the deficiency or file a pleading denying the existence of the deficiency.**

**Signed December 2, 2009.**

---

MARVIN ISGUR
United States Bankruptcy Judge

## NOTICE

11 U.S.C. § 521(a)(1)(B)(iv) requires a debtor to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." It appears that the debtor in this case has failed to file the payment advices required by § 521(a)(1)(B)(iv).

If the debtor did not have an employer during the 60 days before the date of the filing of the petition, the debtor may file a statement in the form attached to this notice. The statement must be filed with the clerk of the Court within 45 days after the petition was filed in this case.

Relief from the requirements of § 521 (a)(1)(B)(iv) must be sought in writing, by a motion filed within 45 days of the date the petition was filed in this case.

If the debtor fails to file the required payment advices or the statement in the form attached to this notice, the case will be dismissed effective as of the 46th day following the petition date.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

In re: § Case No.
§

**DEBTOR'S RESPONSE TO
ORDER REGARDING NECESSITY OF FILING PAYMENT ADVICES**

My name is _____. I am a debtor in this bankruptcy case. I declare that I did not receive any payment advices or other evidence of payment from any employer during the 60 days before the date of the filing of the bankruptcy petition. If this case is a joint case, both spouses have signed below to make this declaration jointly with respect to both.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ (date).


_____
**Signature of Debtor**


_____
**Signature of Joint Debtor (if joint case)**